O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH P. RUSSELL, | ) | Case No. CV 07-03470-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**I.   Factual and Procedural Background**

This is an action for judicial review of the Social Security Commissioner's final decision denying Plaintiff Joseph P. Russell's application for disability insurance benefits under 42 U.S.C. §§ 416(i), 423. Plaintiff alleges disability due to diabetes mellitus, diabetic neuropathy, chronic osteomyelitis, fatigue, and depression.

Plaintiff is currently 44 years of age and has completed high school. He has relevant work experience as a purchasing agent, sales manager, advertising manager, inventory clerk, sales clerk, sales person, receptionist and advertising representative. On June 21, 2004, Plaintiff filed an application for Title XVI Supplemental Security

Income ("SSI") benefits. On July 14, 2004, Plaintiff filed an application for Title II disability insurance benefits. In both his Title II and Title XVI applications, Plaintiff alleged that he had been disabled since April 8, 2003 due to diabetes mellitus and diabetic neuropathy.

Plaintiff's application for a period of disability was denied initially and upon reconsideration. Prior to his hearing before an administrative law judge, Plaintiff amended his application to allege depression as one of his disabling conditions. Administrative Law Judge Larry B. Parker held a video teleconference hearing on Plaintiff's claim on February 25, 2005. Plaintiff, who was represented by counsel, testified at the hearing. John Morse, M.D., provided expert medical testimony, and Alan E. Cummings, Ph.D., provided expert vocational testimony.

On September 5, 2006, ALJ Parker issued a decision finding that Plaintiff was not entitled to a period of disability and disability insurance benefits and was not eligible for SSI payments. Though ALJ Parker found that Plaintiff suffered from severe physical impairments, he determined that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. ALJ Parker determined that Plaintiff could not perform his past work but had the residual functional capacity ("RFC") to perform a full range of sedentary work for which he had transferable skills. He further found that Plaintiff's depression was not severe within the meaning of 20 C.F.R. § 404.1521. ALJ Parker found that Plaintiff's RFC allowed him to perform substantial gainful activity in jobs existing in significant numbers in the national economy. On this basis, ALJ Parker decided that Plaintiff was not under a disability as defined in the Social Security

Act.

On October 3, 2006, Plaintiff requested that the Appeals Council review ALJ Parker's decision. The Appeal's Council denied Plaintiff's request for review on March 30, 2007.

Plaintiff filed this action on June 5, 2007. The parties have filed a Joint Stipulation presenting one disputed issue: whether ALJ Parker properly evaluated Plaintiff's allegations of depression. The matter is now ready for decision.

**II.  Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion and Analysis: Whether the ALJ Properly Evaluated Plaintiff's Purported Mental Impairment**

Plaintiff's sole contention is that the ALJ committed legal error by improperly evaluating his depression. The Social Security Administration's ("SSA") regulations at 20 C.F.R. § 404.1520a ("section 404.1520a") require that the ALJ apply a "special technique" to evaluate "the severity of mental impairments." The "special technique" is actually a set of steps to be applied in the course of evaluating a claimant's mental condition.

"Under the special technique [the ALJ] must first evaluate [the claimant's] pertinent symptoms, signs and laboratory findings to determine whether [the claimant has] a medically determinable mental impairment(s)."[1] 20 C.F.R. § 404.1520a(b)(1). The ALJ then must "rate the degree of functional limitation resulting from the impairment(s)." 20 C.F.R. § 404.1520a(b)(1). Rating the degree of functional limitation caused by a mental impairment requires the ALJ to consider,

> multiple issues and all relevant [clinical signs and laboratory findings, the effects fo your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment] to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation.

20 C.F.R. § 404.1520a(c)(1). The degree of functional limitation is

---

[1] "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." 20 C.F.R. § 404.1508.

rated in four functional areas: daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). Point scales are used by the ALJ to rate the degree of limitation in these four functional areas. 20 C.F.R. § 404.1520a(c)(4).

After rating the degree of mental impairments, the ALJ determines the severity of the claimant's mental impairment(s). 20 C.F.R. § 404.1520a(d)(1). If a claimant's mental impairment(s) is severe, then the ALJ will determine if it meets or is equivalent in severity to a listed mental disorder. 20 C.F.R. § 404.1520a(d)(2). The ALJ will then record the rating of the degree of functional limitation and the criteria in his decision. *Id*. If a claimant's mental impairment(s) is not severe, the ALJ will then assess a claimant's RFC on that basis. 20 C.F.R. § 404.1520a(d)(3).

"At the administrative law judge hearing ... [the ALJ] will document application of the [special] technique in the decision." 20 C.F.R. § 404.1520a(e). The ALJ's decision "must incorporate the pertinent findings and conclusions based on the technique." 20 C.F.R. § 404.1520a(e). The decision must discuss the examination and laboratory findings and function limitations considered in determining the severity of the mental impairment(s). 20 C.F.R. § 404.1520a(e). Further, "[t]he decision must include a specific finding as to the degree of limitation in each of the functional areas described in [section 404.1420a(c).]" 20 C.F.R. § 404.1520a(e)(2).

Where there is a colorable claim of mental impairment, the failure to apply the special technique of section 404.1520a and document its application in the decision requires remand to the ALJ. *Gutierrez v. Apfel*, 199 F.3d 1048, 1050 (9th Cir. 2000); *cf. Salerno v. Astrue*, 2008

WL 313178 at *2 (9th Cir. 2008).[2] "A colorable claim is one which is not 'wholly insubstantial, immaterial, or frivolous.'" *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 981 (9th Cir. 2002)(*citation omitted*).

In his decision, the ALJ determined that Plaintiff did not have a severe mental impairment. (AR 14.) Aside from the opinion of Dr. Heidi Solz, Plaintiff's treating physician, the ALJ found "no evidence of [Plaintiff] experiencing any significant work-related limitations due to a mental impairment for a period of at least 12-continuous months." (*Id.*) The ALJ noted that Dr. Solz, a family practitioner, found exertional and non-exertional limitations due to Plaintiff's physical impairments and depression. (*Id.*) The ALJ found that because Dr. Solz is not a psychiatrist or clinical psychologist, her opinion as to Plaintiff's mental status is not entitled to any controlling weight or deference. (*Id.*) Though the ALJ recognized that Plaintiff had been prescribed antidepressants, he noted the absence of evidence that Plaintiff has received any other treatment from a medical health professional for depression. (*Id.*) The ALJ also noted that Plaintiff has never been hospitalized for depression. (*Id.*)

ALJ Parker did not document his application of the special technique required by section 404.1520a. The remaining question then is whether

---

[2] *See also Lellhame v. Barnhart*, 128 Fed.Appx. 618 (9th Cir. 2005)(Though ALJ's determination of claimant's ability to perform medium work was supported by substantial evidence, failure to apply and document the "special technique" to evaluate claimant's alleged depression required remand.); *Dykstra v. Barnhart*, 94 Fed.Appx. 449, 451 (9th Cir. 2004)("Failure to [demonstrate application of "special technique" requires reversal if the plaintiff had a 'colorable claim of a mental impairment.'"). Because these unpublished decisions were handed down prior to January 1, 2007, the parties could not have cited them to this court and they are not, in any case, precedential. *See* Fed. R. App. P. 32.1; Ninth Circuit Rule 36-3.

Plaintiff presented a colorable claim that he suffered from depression.[3] Many documents in the record exhibit that Plaintiff suffered from depression. Treatment records spanning November 2004 to June 2005 from Cedars Sinai Medical Center document diagnosis, symptoms, and medication for Plaintiff's depression. (AR 256-58, 466, 481, 520.) Treatment records from clinics in September 2005 and February 2006 also document Plaintiff's depression. (AR 653, 666.) In May 2006, a psychiatric evaluation at West Central Mental Health Center found that Plaintiff suffered from major depressive disorder with psychotic features. (AR 684-689.) Plaintiff also informed ALJ Parker at the hearing that depression was among the principal limitations on his ability to work and that he had been receiving treatment at West Central Mental Health Center for approximately six months. (AR 724, 727, 741.)

On the basis of these records and the information provided at the hearing, Plaintiff's claim to suffer from depression was not "wholly insubstantial, immaterial, or frivolous." *McBride Cotton & Cattle Corp.*, 290 F.3d at 981. Had Plaintiff equivocated about the disabling nature of his depression or otherwise failed to develop a record of potentially severe depression, then his claim might not be colorable. *See*, *e.g.*, *Salerno*, 2008 WL 313178 at *2 (Plaintiff's submission of no evidence that his depression prevents him from working and statement to the ALJ that his disability was not based on depression eliminated the requirement to apply and document the section 404.1520a special technique.). Plaintiff has presented a colorable claim that his depression is disabling. As a result, the ALJ's failure to apply and document the section 404.1520a

---

[3] Plaintiff first claimed that his alleged depression was a disabling limitation in his application for an ALJ hearing. (AR 104.)

special technique to Plaintiff's alleged depression requires remand.[4]

## IV. Conclusion

For the reasons stated above, it is **ORDERED** that the case be remanded to the Commissioner for proceedings consistent with this opinion.

DATED: February 7, 2008

_____
MARC L. GOLDMAN
United States Magistrate Judge

---

[4] As explained in a recent district court decision, it is of no moment for purposes of the section 404.1520a requirements that ALJ Parker determined Plaintiff's mental impairment to be not severe:

> A finding that the claimant's mental impairment is *not severe* is not the same as a finding that claimant does not have a medically determinable impairment *at all*. The regulations indicate that once a medically determinable mental impairment is identified, the special technique must be applied in order to determine the degree of the claimant's limitation. ... [A] finding that the impairment is not severe does not obviate the need to perform the specified analysis and documentation.

*McCarty v. Barnhart*, 2005 WL 5108536 at *10 (N.D. Cal.)